J. Charles Barber, Defendant in Error, v. Matthias Koch, Plaintiff in Error.

## Gen. No. 14,592.

APPEALS AND ERRORS—*when final judgment rendered on review.* If the cause has been tried by a court without a jury, and the Appellate Court finds the judgment rendered against the evidence, a final judgment may be rendered by it and the cause not remanded.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and judgment here. Opinion filed November 19, 1909.

SAMUEL J. HOWE, for plaintiff in error.

ADAMS & FROEHLICH, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Barber, defendant in error and plaintiff below, upon a trial before the court without a jury obtained a judgment for $562.50 against Matthias Koch. Koch prosecutes this writ of error to reverse that judgment. Bar-

ber is a real estate agent and his claim was for a commission upon the sale of Koch's property, 140 and 142—35th street, in Chicago, to one Maurice Olshan for $22,500. It is uncontroverted in the evidence that another real estate agent, Arthur Weinreb, brought the buyer and seller together and actually made the sale. But Barber makes his claim because Koch, at some point of time previous to the sale, had listed the property with him, Barber, as being for sale and because Weinreb had been in Barber's office, previous to bringing about the sale, and there obtained his information of the property being for sale. Weinreb denied obtaining information of the property being for sale through Barber's office and stated that he obtained the property for sale direct from Koch. It is totally immaterial, so far as the disposition of this suit is concerned, how Weinreb, as a real estate agent, obtained his first information of the property being for sale. He, as the evidence shows, alone, worked up, negotiated and produced the sale. Barber did absolutely nothing to bring about the sale. Had it not been for Weinreb's labor and efforts no sale would have resulted. So far as this particular sale is concerned nothing in the record indicates that Koch dealt with Barber. He dealt with Weinreb only. We find no promise upon this record, express or implied, by Koch to pay a commission to Barber for this sale. The transactions between Koch and Weinreb raised an implied *assumpsit* in fact that Koch pay Weinreb for services rendered in making the sale. The judgment will be reversed and judgment will be rendered here for plaintiff in error.

*Reversed and judgment here for plaintiff in error.*