John M Carlson, Trading as John M. Carlson & Co., Plaintiff in Error, v. Norman B. Marshall, Defendant in Error.

### Gen. No. 16,548.

Brokers—*liability for commissions.* The vendor, by accepting services of a real estate broker and his employee, adopted their acts and became liable for the commission mentioned, where the sale was made after the employee informed the vendor who desired to sell, that he was working for the broker and had taken a possible vendee to see the premises, and the vendor was informed by the broker that a certain commission would be charged if the sale was made.

Error to the Municipal Court of Chicago; the Hon. Charles N. Goodnow, Judge, presiding. Heard in this court at the October term, 1910. Reversed with judgment. Opinion filed November 18, 1912.

Castle, Williams, Long & Castle, for plaintiff in error; Howard P. Castle, of counsel.

No appearance for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

Plaintiff Carlson, a real estate broker, employed King, who had been employed by Hart, another broker. Defendant Marshall listed with Hart for sale certain real estate. King, while in the employment of plain-

tiff, called on defendant, told him that he was working for plaintiff attempting to secure a purchaser for defendant's real estate, and had taken Burkland to see the premises.   Defendant and Burkland then went to plaintiff's office and plaintiff told defendant that he would hold him for a commission of $112.50 if he sold said real estate to Burkland.   He afterwards sold the real estate· to Burkland for $4600.

Defendant knew that plaintiff and King,  his employee, were conducting negotiations with Burkland with the expectation that defendant would pay plaintiff for such services, and by accepting such services he adopted their acts and became liable to pay plaintiff the usual and reasonable commissions for such services, which, in the absence of any agreement, would be $160.   Barber v. Koch, 151 Ill. App. 522; Rockford, R. I. & St. L. R. Co. v. Wilcox, 66 Ill. 417; Wheeler v. Hall, 41 Wis. 447; 15 Am. & Eng. Ency. of Law (2d Ed.), 1082; Mechem on Agency, sec. 964.

We think the plaintiff is entitled to recover from the defendant on the evidence in this record the amount claimed by him, $112.50, and the cause having been tried without a jury, the judgment of *nil capiat* will be reversed with judgment here for the plaintiff for one hundred and twelve dollars and fifty cents and costs.

*Judgment reversed with judgment here for plaintiff.*