CITY BUILDERS FINANCE COMPANY, A CORPORATION, *Plaintiff in Error*, v. EUGENE C. STAHL, *Defendant in Error*.

## Division A.

## Opinion Filed October 20, 1925.

1. A broker cannot recover for his services unless they were rendered at the express or implied request of his employer. That is to say, in order to recover on his part he must have been actually employed by the person he seeks to hold liable, otherwise there would be no legal basis for his claim to compensation. This is true even though a purchaser be found through information furnished by him.

2. In the absence of a showing of a mutual understanding or meeting of the minds of the parties with reference to the sale of specific property, there is no contract for said sale.

3. A broker cannot recover commission for the sale of real estate when his services were rendered voluntarily for a prospective purchaser, or when there was no promise express or implied on the part of the vendor to pay for his services, and when the circumstances negative the idea that payment for said services was implied.

4. An agent cannot legally represent both parties to a transaction without their consent.

5. A commission contract for the voluntary services of a broker will not be implied unless the vendor knows or has reasonable ground to believe that the services were rendered with the expectation of receiving payment therefor.

A Writ of Error to the Circuit Court for Dade County; Mitchell D. Price, Judge.

Reversed.

*Blackwell and Donnell,* for Plaintiff in Error;

*Kurtz and Reed,* for Defendant in Error.

TERRELL, J.—Plaintiff in error owned a lot at Miami Beach, Florida, which it undertook to market, and for that purpose inserted an advertisement in a local paper offering it for fifteen thousand, eight hundred and fifty-five dollars ($15,855.00). One Dr. Vail saw the advertisement and being impressed with the offer, showed it to the defendant in error. Dr. Vail and the defendant in error being only a short distance away, drove at once to the office of Mr. Hice, the manager of plaintiff in error, to investigate the property. Mr. Hice was engaged with other customers and could not exhibit said property in person, so defendant in error and Dr. Vail, after showing Hice the advertisement and stating that they would go and look at the property, proceeded at once to it and looked it over without seeing Mr. Hice or further advising with him at that time. Later Dr. Vail returned alone to the office of plaintiff in error and closed a deal for the property. Several days later the defendant in error requested his commission of five per cent (5%) for making the sale. Plaintiff in error refused to pay said commission. Defendant in error brought suit to recover said commission which resulted in a verdict and judgment in his favor. Motion for a directed verdict in favor of the plaintiff in error and a new trial was denied, and writ of error was taken from this court.

Under the foregoing statement of facts was the defendant in error entitled to a commission on the sale?

The record shows that Mr. Stahl, the defendant in error, was at no time the agent of plaintiff in error, City Builders Finance Corporation; that the property in question was at no time listed with him, and the advertisement through which his attention and that of the purchaser was called to it specifically stated that the price was "without agents

commission," and that "agents are welcome, but they must protect themselves, for we have cut off all profit and commission." Mr. Stahl at all times represented the purchaser, and it is nowhere made to appear that he was promised a commission.

Mr. Stahl contends that he was employed by virtue of what took place at the time of the meeting of the purchaser and seller, but the facts do not support such contention. It is true that he was told by Mr. Hice, the agent of the seller, to go ahead and make the sale, but nothing was said about commission, and Hice had the right to presume that he (Stahl) was on notice as to the advertisement and its contents already referred to therein, and which Stahl had just exhibited to Hice.

A broker cannot recover for his services unless they were rendered at the express or implied request of his employer. That is to say, in order to recover on his part he must have been actually employed by the person he seeks to hold liable, otherwise there would be no legal basis for his claim to compensation. This is true even though a purchaser be found through information furnished by him. 4 R. C. L. 298.

In the case at bar there is no showing of a mutual understanding or meeting of the minds with the parties hereto with reference to the sale of the property in question, hence there was no contract for said sale.

In this case the broker's services were voluntarily rendered for a prospective purchaser. There was no promise, express or implied, on the part of the vendor to pay for his services, and when this is the case he cannot recover therefor. The circumstances here further negative the idea that payment for said services was implied. Haynes v. Fraseer, 76 App. Div. 627, 78 N. Y. S. 794; Woods v. Palmer, 151 Mich. 30, 115 N. W. Rep. 242; Myers v. Coleman, 93 Miss. 226, 46 South. Rep. 249; Coffin v. Linx-

weiler, 34 Minn. 320, 25 N. W. Rep. 636; Turck v. Opava, 192 Ill. App. 270.

The record here shows that Stahl, the broker, was acting for the prospective purchaser who was unknown to the owner. The owner merely acquiesced in Stahl's act. No contract of employment can therefore be implied between Stahl and the owner for the reason that an agent cannot legally represent both parties to a transaction without their consent. John v. Thrower, 11 Ga. App. 494, 75 S. E. Rep. 819; Blake v. Stump, 73 Md. 160, text 172, 20 Atl. Rep. 788, 10 L. R. A. 103.

A commission contract for the voluntary services of a broker will not be implied unless the vendor knows or has reasonable grounds to believe that the services were rendered with the expectation of receiving payment therefor. We fail to find here any of the essentials of an implied contract. The advertisement which brought the parties together clearly put the defendant in error on notice that no commission would be paid, and under all the circumstances, plaintiff in error had every reason to assume that it would not be expected to pay a commission. Viley v. Pettit, 96 Ky. 576, 29 S. W. Rep. 438; Ballentine & Boone v. Mercer, 130 Mo. App. 605, 109 S. W. Rep. 1037; Millard v. Loser, 52 Colo. 205, 121 Pac. Rep. 156; Carlson v. Marshall, 174 Ill. App. 438.

In the case at bar the coming together of the parties hereto resulted in nothing more than the consent of the plaintiff in error to show the property to the purchaser. It was incumbent on defendant in error to show not only that he brought the vendor a customer with whom he dealt, but that the service was performed either at the request of defendant or with the mutual understanding that it was not voluntarily proffered but was to be rewarded with reasonable compensation. We do not think such showing was made. Ballentine & Boone v. Mercer, 130

Mo. App. 605, 109 S. W. Rep. 1037; Summa v. Dereskia-wiez, 83 Conn. 547, 74 Atl. Rep. 906; Duncan v. Borden, 13 Colo. App. 481, 59 Pac. Rep. 60.

For the reasons announced in this opinion the motion of plaintiff in error for an instructed verdict should have been granted; so the judgment of the court below is reversed.

WEST, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BROWN, J. J., concur in the opinion.