On Petition for Rehearing

CHARLES L. COULSON, *Appellant*, v. H. L. HERR, *Appellee*.

Opinion filed November 26, 1929.

*W. F. Way*, for Appellant;

*Wm. G. King, Merle E. Rudy* and *Guyte P. McCord*, for Appellee.

ANDREWS, Commissioner:

A petition for rehearing complains that this Court overlooked the fourth assignment, which reads as follows:

"The Court committed error in entering a final decree, dated June 27, 1928, in which decree the Court finds as follows:

" 'That said defendant (Charles Coulson) is likewise the holder of a deed, which was taken by him on the date of the execution of his said mortgage, which deed the Court hereby declares to be a mortgage and held

by him as additional security.'   No evidence being introduced to show that Charles Coulson held any deed at all to said premises and no pleadings being filed justifying such decree, the Court erred in so finding."

The motion for rehearing states that in no place does the testimony refer to any deed which Coulson claims to be additional security as a mortgage.   The motion further states that if the decree on that point is allowed to stand the effect will be to destroy the title held by appellant, Coulson.

In the first place, the fourth assignment of error was not argued by appellant in former briefs except as grouped generally with others.   Be that as it may, it appears that paragraph (g) of the final decree is contained in the "findings" of the trial court and not in the "order" or "decree."

The testimony itself contained no evidence as to the deed being held by Coulson as security for a loan.   Paragraph 9 of the bill alleges, and paragraph V of the sworn answer of Charles Coulson in response, admits, the inferiority of defendant's "second mortgage."

Coulson also admits that he had, since "the execution of the second mortgage to him," received a deed from Dailey and wife, the second mortgagors, and that he is "the owner, holding a fee simple title."   While it could properly be treated as surplusage, the inclusion in the decree of said paragraph (g) of the "findings," should be corrected so said paragraph shall be eliminated therefrom, and thus leave that portion of the record clear, in so far as this suit is concerned, as any equity or redemption under the second mortgage merged in the holder of the said deed.

Although a decree may contain some error, which may be treated as surplusage, it may be affirmed on appeal, with

directions to eliminate said portion from the decree,—as where the Court can see that the same legal results would inevitably be reached.

This cause is remanded with instructions to eliminate said paragraph (g) from the decree. The motion for rehearing is denied.

PER CURIAM.—A petition for rehearing having been filed in this cause and duly considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that this cause be remanded with instruction to eliminate paragraph (g) from the decree appealed from. It is further ordered by the Court that the petition for rehearing be and the same is hereby denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.