SWANN, Judge.
Plaintiff below, George Martin, sued in equity to impress an equitable lien on certain real property for an alleged real estate commission due him, or for payment for his services under quantum meruit. The chancellor dismissed his amended complaint with leave to file a .second amended complaint within five days. Plaintiff did not file an amended complaint within the allotted time and the chancellor dismissed the cause with prejudice. Plaintiff now appeals from the order of dismissal with prejudice.
We affirm. The amended complaint failed to allege any contract of employment between the plaintiff and the owner, or his agents. A broker cannot recover for his services unless they were performed at the express or implied request of the alleged employer. This is true even though the owner of property finds a purchaser for that property through information furnished to him by the broker. Estes v. Moylan, Fla.1957, 94 So.2d 362; City Builder’s Finance Co. v. Stahl, 90 Fla. 357, 106 So. 77 (1925).
No relief was sought from the seller of the real property and apparently process was never served upon him. Similarly, no relief was sought from the purchaser and the relief sought from the various defendants was based on conspiracy and collusion but no facts were alleged in support of this conclusion.
The complaint failed to allege whether the alleged real estate listing was oral or in writing, and failed to state the amount of the alleged commission or the terms and conditions of the sale. Plaintiff having been given an opportunity to amend, chose not to amend.
The final decree of dismissal with prejudice is therefore
Affirmed.