PEARSON, Judge.
This is an appeal from an order of the Juvenile and Domestic Relations Court in and for Dade County directing the appellant, respondent below, to make weekly payments of $20.00 for the care and support of the minor child involved in this cause. The appellant urges first that the Juvenile and Domestic Relations Court exceeded its authority when it resolved the issue of paternity raised in the proceedings below by the respondent-appellant’s sworn answer, second that the evidence before the lower court was insufficient to sustain the order appealed from.
The appellee mother initiated' this cause when she filed a sworn petition seeking support for her minor child. In response to the petition, the appellant alleged that he and the child’s mother had been divorced four days after the birth of the child, that the parties had physically separated immediately prior to the filing of the divorce, and that he was not the father of the child.
The appellant raised the issue of paternity in the Juvenile Court and now objects to the determination of that issue by that court. We must point out that it was not necessary for the lower court to find upon this record that “the Respondent is the legal father of said child” to enable it to enter the only order it was called upon to enter — that for the support of the child. We therefore regard the quoted words as surplusage. Nevertheless we hold that the record and public policy support the finding of the lower court that the respondent-appellant is presumed to be the father because of the strong presumption that a child born in wedlock is legitimate. Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163 (1944); In re Ruff’s Estate, 159 Fla. 777, 32 So.2d 840, 175 A.L.R. 370 (1947). The presumption that the appellant is the father of the child may be overcome if the issue of paternity and sufficient evidence are presented to a court of competent jurisdiction.
The appellant’s second point fails to present error since the record fully supports the finding that the appellant is legally responsible for the support of a child born in wedlock.
We direct that the order appealed from be amended by striking the finding that “the Respondent is the legal father of said child” and affirm the order as amended.
Affirmed.