PER CURIAM.
Plaintiff has appealed an adverse summary final judgment rendered in an action brought by him to recover a real estate brokerage commission. The trial court found from the pleadings, depositions, and affidavit on file in the cause that there existed no genuine issue of any material fact on the issue of defendants’ liability, and that they were entitled to judgment as a matter of law.
We have carefully reviewed the record on appeal but fail to find therein any evidence which could directly or by inference support a judgment for plaintiff either on the theory of implied contract or quantum meruit as alleged in the amended complaint.[1]
The undisputed evidence affirmatively establishes that defendants refused to enter into a brokerage contract with plaintiff for a sale of defendants’ property, and repeatedly admonished that in the event of a sale to the prospective purchaser procured by plaintiff, the quoted selling price would be net to defendants free from any obligation for payment of a brokerage commission.
Appellant urges that the facts in the case sub judice are sufficient to bring it within the rule pronounced in National Airlines, *469 Inc. v. Oscar E. Dooly Associates, Inc.[2] We do not agree. Although the facts are only sketchily recited in the opinion rendered in National Airlines, we construe the decision to say and mean that the facts disclosed by that record were considered to be sufficient to create a jury issue on whether the defendant owner had entered into an implied contract with the plaintiff broker for payment of a commission in the event the property was sold to the prospective purchaser procured by plaintiff. No such factual situation is disclosed by the record before us from which a similar legal conclusion could be drawn. The judgment appealed is therefore affirmed.
JOHNSON, C. J., and WIGGINTON and SPECTOR, JJ., concur.

. Martin v. Allen, (Fla.App.1967) 200 So. 2d 243; City Builders’ Finance Co. v. Stahl, 90 Fla. 357. 106 So. 77; 43 A.L.R. 842, 847.

. National Airlines, Inc. v. Oscar E. Dooly Associates, Inc., (Fla.App.1964) 169 So.2d 53.