296 So.2d 551 (1974)
W. George KENNEDY et al., Appellants,
v.
GEORGE CULLY REAL ESTATE, INC., A Florida Corporation, Appellee.
No. 73-215.
District Court of Appeal of Florida, Third District.
April 16, 1974.
Rehearing Denied July 12, 1974.
*552 Sibley, Giblin, Levenson & Ward, Meyer, Weiss, Rose & Arkin, Miami Beach, for appellants.
Horton & Perse, Robert E. Brandt, Miami, Donald McKenzie, for appellee.
Before HENDRY and HAVERFIELD, JJ., and RICHARDSON, GEORGE, Jr., Associate Judge.
HAVERFIELD, Judge.
Defendant-appellants appeal a judgment for the sum of $135,000 entered in favor of the plaintiff as damages for tortious interference with a business relationship.
Peter J. Ferguson, a licensed real estate broker who had known defendant Salvatore Rizzo for several years, learned that Rizzo was interested in the purchasing of property located in South Dade County, Florida. Ferguson then contacted plaintiff's president, George Cully, and subsequently arranged a meeting between Mr. Cully and Rizzo at which was discussed the purchase of certain property located in Naranja (South Dade) and owned by the Arthur Vining Davis Estate. At this meeting Cully provided Rizzo with aerial surveys and feasibility studies on the subject property, and the purchase price thereof was a topic of discussion. Rizzo expressed his interest therein, retained the surveys and studies, and requested time to have the value of the property investigated. Being a potential purchaser, Mr. Rizzo's name was submitted by Mr. Cully to Malcolm McNaughton, president of the A.V. Davis Company, who was responsible for securing offers from prospective purchasers of the Davis Estate property, supplying interested real estate brokers with plot plans and surveys to aid in their sales efforts, and relaying all offers and negotiations to the board of directors of the company and executors of the estate for their final determination. Cully had several meetings and/or telephone conversations with Rizzo who had requested and received from Mr. McNaughton zoning information on the Naranja property. Rizzo finally told Ferguson he was no longer interested in the property and returned to him the photographs, maps, surveys, etc. Several months later defendant George Kennedy, a business associate of Rizzo, entered into a contract of purchase of the subject property with the Davis Estate for the sum of $1,350,000. Title to the property was taken in the name of the K & R Sod Company, 50% of which was owned by Rizzo and 50% by Kennedy. Plaintiff Cully Real Estate, Inc. filed an amended complaint against the Davis Estate to recover a commission and included therein a count against Rizzo, Kennedy and the K & R Sod Company for tortious interference with its business relationship with the Davis Estate. The cause was tried non-jury, at the conclusion of which the trial judge entered a judgment (pursuant to a directed verdict) in favor of the Davis Estate on the commission issue and in addition entered judgment against the defendants Rizzo, Kennedy, and K & R Sod Company for their tortious interference with the above business relationship in the sum of $135,000 which represented an amount equal to a 10% commission on the sale of the property which Cully would have received had he not been prevented from consummating the sale thereof with Rizzo.
Defendant-appellants contend that the evidence is insufficient to sustain the judgment entered against them for tortious interference with a business relationship.
In an action by a real estate broker for damages for tortious interference with a contractual relationship existing between himself and the vendor, the broker must *553 first establish an advantageous relationship. Retzky v. J.A. Cantor Associates, Inc., Fla.App. 1966, 192 So.2d 24, cert. denied, Fla., 201 So.2d 232 (1967).
The record reflects that as Cully had done in the case sub judice, it was customary for brokers to submit the names of potential purchasers of Davis Estate properties to Mr. McNaughton who supplied the brokers with plot plans and surveys to aid in their sales efforts. Despite the fact that Cully had no listing on the property involved, under the above method by which the Davis Estate sold its properties, a contract for Cully's services can be implied as the vendor knew or had reasonable grounds to believe that these services were rendered with the expectation of receiving payment therefor and thus plaintiff-appellee established a business relationship with the seller. See City Builders' Finance Co. v. Stahl, 90 Fla. 357, 106 So. 77 (1925).
Having established this relationship, appellee was required to show that defendants wrongfully interfered with it and injury resulted thereby. Retzky, supra.
It is undisputed that Cully was the person who first informed defendant Rizzo about the property and supplied him with surveys and studies. Rizzo expressed his interest and even personally contacted McNaughton with regards to the zoning applicable to the subject property. After several additional meetings and discussions with Cully about the property, Rizzo informed Cully that he was no longer interested. Nevertheless, several months thereafter, George Kennedy, an individual with whom Rizzo had been involved in land companies in the past, entered into a contract of purchase of the subject property and title thereto was taken in the name of K & R Sod Company, owned by Rizzo and Kennedy, who warranted that no broker was involved. The foregoing evidence is sufficient to justify a finding that the defendants intentionally and without justification interfered with plaintiff's business relationship. Thus, this contention of appellants must fail.
Defendant-appellants secondly argue that the evidence does not support an award of 10% of the sales price of the property, to wit: $135,000, as the damages that should be awarded to the plaintiff. We find merit in this contention.
The plaintiff-appellee being the procuring cause of the sale, the resulting injury of defendants' acts is in the amount of a reasonable commission. Retzky, supra. The amount payable under the circumstances in the case sub judice is to be determined according to the custom or usage locally prevailing as to the amount payable for like work to the particular class of brokers in question. Blackburn v. Alachua County Broadcasting Company, Fla.App. 1961, 126 So.2d 303. An examination of the record reveals that the broker's commission was negotiated always by the Davis Estate and the broker, and there was insufficient evidence contained therein to support plaintiff's allegation that the Davis Estate had agreed to pay Cully a 10% commission if he effected a sale. Thus, we reverse the award of $135,000 and remand with directions to hold a new evidentiary hearing on the issue of damages at which time it will be incumbent upon plaintiff to prove the amount of his damages through competent testimony as to what a broker would receive normally on a sale comparable to the sale involved in the instant case and in addition, what amount of commission the Davis Estate has paid in the past on comparable land sales.
Affirmed in part, reversed in part and remanded with directions.