MAGER, Judge
(dissenting):
With all due respect to my colleagues, I must respectfully dissent because, in my view, the evidence does not as a matter of law support plaintiff’s entitlement to a brokerage commission.
As a general proposition a broker cannot recover for services unless they were rendered at the express or implied request of the employer. 5 Fla.Jur. Brokers, § 32. In the instant case there was no express request or written contract; instead the plaintiff-broker relied upon what appears to have been services rendered as a volunteer.
It is clear from the record below that the defendants-sellers’ property was not listed for sale. The prospective purchaser saw the home, knocked on the door and finding no answer contacted a broker (plaintiff) whose sign was displayed on other homes in the area. The broker brought the prospective purchaser to the defendants’ home. Defendants later sold their home to these purchasers.
It may be said that in the absence of an express or written contract a broker would be entitled to a commission where the broker is the procuring cause of the sale or transaction; and the determination of whether a broker was the procuring cause is dependent upon the facts and circumstances of the particular case. Fla.Jur., Brokers, § 45. As the cited treatise points out, a typical instance where the applicability of the so-called “procuring cause doctrine” may arise is where a broker calls a purchaser’s attention to the property and start's a negotiation but the sale is ultimate *458 ly consummated by the vendor himself or through some other broker. 5 Fla.Jur., supra, sec. 45. As heretofore indicated, the broker did not call the purchaser’s attention to the subject property.
In 12 Am.Jur., Brokers, § 159, the following pertinent statements are set forth:
“In order to raise an implied contract to pay a broker for services rendered in procuring a purchaser for property, the services must have been performed under such circumstances as to give the recipient thereof some reason to think they are not gratuitous and not performed for some other person, but with the expectation of compensation from the recipient, and, furthermore, they must have been beneficial to the person sought to be made liable. The owner must say or do something tending to prove that he accepted the broker as his agent in the matter — something more than merely selling to the party whom the broker, while acting as a volunteer, brought to him. His mere consent to the rendition of unsolicited services in effecting a sale of his property is not sufficient to justify the inference that he intends to enter into contractual relations with the broker and to pay him for his services.
“ * * * * The mere introduction or seeking of an introduction to another by a broker is not legally the equivalent of employing him to sell the property, and where there is nothing more in his favor, that incident will be regarded as voluntary and insufficient to entitle him to a commission. . . .”
In my humble opinion the evidence in the record does not as a matter of law support the finding of an implied contract on the basis of the defendants’ mere acquiescence nor does the evidence as a matter of law demonstrate that the plaintiff-broker was the procuring cause of the sale or transaction. See City Builders’ Finance Co. v. Stahl, 90 Fla. 357, 106 So. 77 (1925). Accordingly and with all due respect and admiration for the learned trial judge below, it is my opinion that the final judgment should be reversed and that judgment should be entered in favor of the defendants.