336 So.2d 484 (1976)
W. George KENNEDY et al., Appellants,
v.
GEORGE CULLY REAL ESTATE, INC., a Florida Corporation, Appellee.
No. 75-1452.
District Court of Appeal of Florida, Third District.
August 3, 1976.
Rehearing Denied September 8, 1976.
*485 Kelly, Black, Black & Kenny and Brian P. Patchen, Miami, for appellants.
Horton, Perse & Ginsberg, Robert E. Brandt, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
PER CURIAM.
The defendants appeal from a final judgment entered by the trial court after a retrial of the issue of damages upon remand of this cause. See Kennedy v. George Cully Real Estate, Inc., Fla.App. 1974, 296 So.2d 551. Four points are urged. The first two points claim the court failed to follow the directions of this court on remand, and the third and fourth points claim the court improperly assessed the amount of damages under the rules applicable to the cause.
This court remanded the case:
"... with directions to hold a new evidentiary hearing on the issue of damages at which time it will be encumbent upon the plaintiff to prove the amount of his damages through competent testimony as to what a broker would receive normally on a sale comparable to the sale involved in the instant case and in addition, what amount of commission the Davis Estate has paid in the past on comparable land sales."
After trial on the issue of damages, the court made the following findings of fact:
* * * * * *
"1. In accordance with custom prevailing in this community a broker would normally receive a commission of ten (10%) per cent of the purchase price on a sale comparable to the sale involved in the instant case. The subject property was sold for a purchase price of $1,350,000. Thus, under normal circumstances, the brokerage fee in such a case would be $135,000.
"2. In some instances a departure from the norm does occur wherein, after negotiations, a broker accepts a lesser sum. However, this record supports the conclusion that Defendants by their acts in interfering with Plaintiff's advantageous business relationship with the Estate of Arthur Vining Davis precluded the possibility of such negotiations taking place, and Plaintiff never agreed to accept a lesser sum.
"3. With specific regard to the commissions paid by the Davis Estate in the past on comparable land sales, it is found that there were no other sales of comparable value. However, the Court finds that in the vast number of cases involving *486 the sale of unimproved property, the Davis Estate in fact paid a commission of ten (10%) per cent of the purchase price."
* * * * * *
Having examined the record in the light of appellants' first two points, we hold that the trial court earnestly attempted to follow the directions of this court and that his findings of fact are amply supported by the record. Appellants urge that the trial court proceeded improperly in that it reached a conclusion of law that the defendants were estopped from asserting that negotiations might have taken place if there had been no breach of the contract.[1] We hold that in view of the clear statement contained in the findings of fact that the trial court did not determine this case upon the issue of estoppel and that, therefore, the inclusion of the statement that the principle of estoppel upon the facts reinforced its decision was surplusage and, if incorrect, would be harmless error. Cf. Cohen v. Mohawk, Inc., Fla. 1962, 137 So.2d 222, 225.
Turning to appellants' contention that the trial court did not properly apply the rules of damages, this argument is upon two bases. First, it is urged that since the plaintiff was a cooperating broker, he is limited to recovery of one-half of the commission. Inasmuch as the action brought by the plaintiff was for the interference of the defendants with plaintiff's advantageous business relationship with the seller of the property, the amount of the damages was properly measured by the lost commission. Cf. Oro Verde Groves, Inc. v. Fuchs, Fla.App. 1962, 136 So.2d 12. If there are obligations upon the plaintiff for a payment of a part of the commission, they remain the obligations of the plaintiff and do not diminish the damages recoverable. This record does not reveal the particulars concerning, or the rights of, the claimed participating broker. It should be noted that the defendants did not seek to have the participating broker made a party to this action. See RCP 1.250. They cannot at this late date, after completing trial on the issue of damages, assert the possible claim of a third party.
Lastly, appellants claim that the court improperly allowed interest on the commission found to be due. Appellants point out that the action was in tort and that interest is not ordinarily allowed on an unliquidated tort claim. Zorn v. Britton, 120 Fla. 304, 162 So. 879 (1935). An exception, which is applicable to this case, exists where the recovery, although in tort, is based upon a contract which makes the amount of damages fixed and recoverable as of a specific date of the breach of contract. See Parker v. Brinson Construction Co., Fla. 1955, 78 So.2d 873; Srybnik v. Ice Tower, Inc., Fla.App. 1966, 183 So.2d 224.
Affirmed.
NOTES
[1] Under the heading Conclusions of Law, the trial court stated:

* * * * * *
"2. Although the Court has found the facts to be as indicated above, the Court concludes that Defendants should be estopped by their conduct in any event from asserting that negotiations might have taken place regarding a reduced commission."
* * * * * *