NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BOULDER VENTURE SOUTH, LLC, a )
Florida limited liability corporation; )
ROBERT E. SCHMIDT, JR., )
individually; and KELLY C. SCHMIDT, )
individually; KB PARKSIDE, LLC, a )
Florida limited liability corporation, )
  )
     Appellants, )
  )
v. ) Case No. 2D15-148
  ) 2D15-4111
JOHN M. SABOW, individually, )
  ) CONSOLIDATED
     Appellee. )
_____ )

Opinion filed November 16, 2016.

Appeal from the Circuit Court for
Pinellas County; Jack Day and Amy M.
Williams, Judges.

Marion Hale, Sharon E. Krick, and
Caitlein J. Jammo of Johnson, Pope,
Bokor, Ruppel & Burns, LLP, Clearwater,
for Appellants.

Samuel J. Heller of Heller Goldberg, P.A.,
St. Petersburg, for Appellee.


PER CURIAM.

        After close consideration of the record and with the benefit of oral

argument, we affirm without comment the final judgment and supplemental final

judgment in all respects. For the following reasons, we remand the case to the trial court for the sole purpose of striking certain language from the written order containing the findings of fact and conclusions of law supporting the two judgments.

Appellants Robert and Kelly Schmidt contend that the trial court erred in determining that they guaranteed the obligations of appellant Boulder Venture South, LLC, under an amended and restated independent contractor agreement between John Sabow and Boulder Venture. With regard to that assertion of error, we observe that the final judgment awards declaratory relief "regarding the issues set forth in Count III" of the amended complaint. Count III is a claim for declaratory relief under the agreement lodged solely against Boulder Venture—not against the Schmidts—to determine the amount Boulder Venture was obligated to pay Mr. Sabow pursuant to the independent contractor agreement, a matter about which the parties were uncertain and in disagreement. The supplemental final judgment awards monetary relief on Count III against Boulder Venture—again, not against the Schmidts—pursuant to the declaratory judgment statute. See § 86.061, Fla. Stat. (2015).

On the face of the judgments, then, the trial court neither determined nor enforced any obligations the Schmidts might have in their individual capacities to guarantee Boulder Venture's payment of the sum owed Mr. Sabow under the agreement. Nor was it necessary for the trial court to do so in order to enter the judgments it did. The single clause of the trial court's separate order making findings of fact and conclusions of law that the "agreement . . . was guaranteed by Defendants Robert and Kelly Schmidt" is therefore surplusage that is unrelated and unnecessary to the resolution of the single count of the amended complaint upon which the judgments

- 2 -

appealed from were rendered.  See, e.g., Kennedy v. George Cully Real Estate, Inc., 336 So. 2d 484, 486 (Fla. 3d DCA 1976) (holding that conclusions of law as to equitable estoppel were surplusage where the trial court stated that it was not resolving the case on that basis).

Our review of the record reflects substantial questions about what the scope of the trial court's guaranty finding was, whether a claim that the Schmidts guaranteed the payment obligation asserted in Count III was pleaded or tried by consent, and whether the trial evidence would have been sufficient to establish a guaranty of the payment obligation asserted in Count III had the matter been pleaded or tried by consent.  Because the trial court's finding of a guaranty is irrelevant to whether its judgments are due to be affirmed or reversed, however, this appeal does not present occasion to resolve those issues.[1]  Therefore, we remand the case for the limited purpose of having the trial court delete from the findings of fact and conclusions of law the statement that the Schmidts guaranteed the agreement, and we affirm the final judgment and supplemental final judgment as modified by our instructions on remand. See, e.g., Coulson v. Herr, 124 So. 736, 736 (Fla. 1929) (affirming final judgment with directions to eliminate surplusage from the decree); cf. In re the Interest of J.P., 220 So.

---

[1]The Schmidts were named as defendants alongside Boulder Venture in Count I for breach of contract and Count II for a mandatory injunction.  Count I was resolved in the Schmidts' favor in the final judgment based on a finding that there had not been a breach, and Count II was voluntarily dismissed by Mr. Sabow.  Although the trial court's resolution of Count I was not based on its guaranty finding, that count might have put the issue in play because it was brought against the Schmidts individually.  Mr. Sabow has not, however, cross-appealed that aspect of the final judgment.  Although the trial court declined to award monetary relief against the Schmidts in the supplemental final judgment based at least in part on its belief that their liability was at issue in the appeal, Mr. Sabow has not cross-appealed that denial of relief either.

2d 665, 666 (Fla. 3d DCA 1969) (holding that trial court's finding of paternity was surplusage unnecessary to the entry of order providing for support and affirming that order with instructions to delete the finding).

Affirmed; remanded with instructions.

VILLANTI, C.J., and KELLY and SALARIO, JJ., Concur.