NAOMI FOLSOM YEATS, as Administratrix of the Estate of Drayton E. Folsom, deceased, v. MARGARET E. MOODY, also known as Margaret E. Crowell, et vir, Defendants in Error.

175 So. 719.

Division A.

Opinion Filed June 18, 1937.

*Milton L. Yeats,* for Plaintiff in Error;

*Cody Fowler,* for Defendant in Error.

BUFORD, J.—Defendant in error was plaintiff in the court below and sued plaintiff in error in a law action. The declaration contained two counts as follows:

"The plaintiff, Margaret E. Moody, also known as Margaret E. Crowell, joined by her husband, Thomas J. Crowell, sues the defendant, Naomi Folsom Yeats, as Administratrix of the Estate of Drayton E. Folsom, deceased, for that on the 18th day of November A. D. 1935, the defendant, Naomi Folsom Yeats, as Administratrix of the Estate of Drayton E. Folsom, deceased, was indebted to the said plaintiff for money payable by said defendant to the said plaintiff in the amount of $3,825.00, plus legal interest thereon, for work done by the said plaintiff for Drayton E. Folsom, now deceased, at his request, and in a like sum of $3825, plus legal interest for money found to be due from the said Drayton E. Folsom to the plaintiff on accounts stated between them.

"ADDITIONAL COUNT.—Plaintiff further sues the defendant for that whereas before the 18th day of November A. D. 1935, the plaintiff, Margaret E. Moody, also known as Margaret E. Crowell, at the request of Drayton E. Folsom, now deceased, performed certain services and work for the said decedent and in consideration for such work and services the said Drayton E. Folsom, now deceased, promised the plaintiff that he would pay her upon request so much money as she has therefore reasonably deserved to receive, and plaintiff avers that she then and there reasonably deserved to have therefore the sum of $3,825.00; wherefore, the decedent then and there had notice; yet the defendant, Naomi Folsom Yeats, as Administratrix of the Estate of Drayton E. Folsom, deceased, although requested, has not paid said sum of money, nor any part thereof, and

refused so to do to the damage of the plaintiff to the sum of $3,825.00.

"WHEREFORE, Plaintiff brings this suit and claims damages in the amount of $6,000.00."

Bill of Particulars attached to declaration was as follows:

"Due MARGARET E. MOODY, also known as Margaret E. Crowell, as housekeeper, cook, nurse and laundress, for Drayton E. Folsom, now deceased:

"48 months at $75.00 a month—$3,825.00 plus legal interest thereon."

Demurrers to both counts of the declaration were overruled and motion for better bill of particulars was denied.

Declaration was amended with leave of court by interlineation by inserting after the word "decedent" in the sixth line the following words, "as shown by the Bill of Particulars hereto attached," and the Bill of Particulars was amended by interlineation by inserting the dates between which said work was done and services performed.

The defendant to both counts of the declaration pleaded:

(1) The three year statute of limitation;

(2) Payment of all of plaintiff's claim, except the sum of Eight dollars, which sum the defendant tendered with the plea;

(3) Discharge and satisfaction of plaintiff's claim, except the sum of eight dollars, which was tendered with the plea.

To the first count defendant pleaded: Never was indebted as alleged. To the second count defendant pleaded: (1) Never was indebted as alleged; and (2) never promised as alleged.

Issue was joined on the Pleas. Trial by jury was waived. The evidence was submitted to the court on the merits, after consideration of which judgment was entered as follows:

"This Cause coming on this day for trial upon stipulation of counsel waiving trial by jury, and the court having considered the pleadings in said cause, and witnesses having been introduced by the Plaintiff who testified in behalf of Plaintiff, and the Defendant having testified and introduced witnesses who testified on behalf of Defendant, and the court being fully advised, finds as follows:

"That the Statute of Limitations has run against a portion of Plaintiff's claim. That the Plaintiff has established her cause of action and is entitled to reasonable compensation, not barred by the Statute of Limitations, for services rendered Drayton E. Folsom, and the court finds the Plaintiff entitled to the sum of $2,160.00 principal and $194.40 interest thereon, making a total of $2,354.40.

"It is therefore, Ordered and Adjudged that the Plaintiff Margaret E. Moody, also known as Margaret E. Crowell, joined by her husband, Thomas J. Crowell, do have and recover of and from the Defendant, Naomi Folsom Yeats, as Administratrix of the Estate of Drayton E. Folsom, deceased, the sum of $2,354.40 as damages in this cause for which let execution issue."

The judgment of the court did not state whether the judgment was based upon one or both counts of the declaration. If the evidence sustained either count of the declaration the judgment was without error.

The plaintiff in error has attempted to state three questions for our decision but the three questions as stated resolve themselves into one, which is, "Was the evidence sufficient to support the first count of the declaration and to sustain a judgment thereon?"

It is well settled that where services are rendered by one person for another which are knowingly and voluntarily accepted, without more, the law presumes that such services are given and received in the expectation of being paid for,

and will imply a promise to pay what they are reasonably worth. 28 R. C. L. 668. To like effect 71 C. J. 143. These authorities are supported by numerous decisions. See Winkler v. Killian, 141 N. C. 575, 54 S. E. 540; Walker v. Brown, 28 Ill. 378; Harper v. Davis, 115 Md. 349, 80 Atl. 1012; Wallace v. Schaub, 81 Md. 594, 32 Atl. 324.

It could serve no useful purpose for us to delineate the evidence pro and con. It is sufficient to say that there is substantial evidence to support the judgment and that reversible error has not been made to appear. So the judgment should be affirmed and it is so ordered.

Affirmed.

Ellis, C. J. and Terrell, J., concur.

Brown and Davis, J. J., concur in the opinion and judgment.