245 So.2d 278 (1971)
Donald SYMON and James C. Tully, Appellants,
v.
J. ROLFE DAVIS, INC., a Florida Corporation, Appellee.
No. 70-376.
District Court of Appeal of Florida, Fourth District.
January 27, 1971.
Rehearing Denied March 29, 1971.
*279 Carl R. Pennington, Jr., of Ervin, Pennington, Varn & Jacobs, Tallahassee, for appellants.
Harlan Tuck of Giles, Hedrick & Robinson, Orlando, for appellee.
CROSS, Chief Judge.
Appellants-defendants, Donald Symon and James C. Tully, appeal a final judgment entered pursuant to a jury verdict in favor of appellee-plaintiff, J. Rolfe Davis, Inc., in an action for damages alleging unjust enrichment and tortious interference with an advantageous business relationship. We reverse.
Plaintiff, a corporation, through its licensed real estate broker, entered into a contract with Lease-Bak, Inc., to secure tenants for a proposed shopping center on land owned by Lease-Bak. The contract provided for commissions payable upon the execution of leases with acceptable tenants, or upon sale of the shopping center property. Plaintiff opened negotiations with prospective tenants, and eventually secured a proposed lease from Winn-Dixie and a letter of intent from Eckerd Drugs within the time specified in the contract.
Approximately a year after the brokerage contract was executed, the shopping center property was sold to defendants. Within a few weeks of the sale, defendants had secured leases from both Winn-Dixie and Eckerd Drugs with substantially the same terms as those negotiated by plaintiff's broker. Plaintiff then made demand upon Lease-Bak and appellant for payment of the brokerage commission.
Upon failure of Lease-Bak or appellant to pay the brokerage commission, plaintiff then instituted suit to recover the brokerage commission for securing the tenants. Lease-Bak was later dismissed as a party defendant pursuant to stipulation, and the cause proceeded against the appellants, Symon and Tully.
The complaint against Symon and Tully alleged in count one that Symon and Tully with full knowledge of both plaintiff's contract and its service thereunder, took advantage thereof and were unjustly enriched at the expense of plaintiff. Count two alleged that Symon and Tully by purchasing the property and continuing negotiations with the prospective tenants intentionally and without justification interfered with plaintiff's favorable business relationship with Lease-Bak. At trial the jury returned a verdict for appellee, and final judgment was entered accordingly. This appeal followed.
The primary thrust of the appeal is the sufficiency of the evidence to support that judgment. It is well settled that where services are rendered by one person for another which are knowingly and voluntarily accepted, the law presumes that such services are given and received in expectation of being paid for, and will imply a promise to pay what they are reasonably worth. Yeats v. Moody, 1937, 128 Fla. 658, 175 So. 719; 28 Fla.Jur., Restitution & Implied Contracts § 16. The liability in such cases, in the absence of any special agreement, is founded upon a presumption of law that the party benefitted undertakes to pay reasonable compensation for such *280 services, but this presumption arises from, and is liable to be rebutted by, the circumstances of each particular case. Lewis v. Meginniss, 1892, 30 Fla. 419, 12 So. 19.
In the case sub judice we have been unable to find any evidence or reasonable inferences that could be drawn therefrom that would give rise to a presumption that defendants undertook to pay plaintiff for its services as a broker. Although defendants may have had knowledge of plaintiff's services under the contract with Lease-Bak prior to the purchase of the shopping center property, we can find no quasi-contractual duty on the part of defendants to compensate plaintiff for its services.
It is clear from the record that defendants anticipated the procurement of leases with Winn-Dixie and Eckerd, and in fact conditioned the purchase of the property on obtaining the leases, which was part of the purchase price. Thus defendants were not "unjustly enriched" by the services of plaintiff; they had paid for the benefit of those services when the land was purchased from Lease-Bak.
Having determined the evidence was insufficient to support count one of the complaint, we now turn to consider the sufficiency of the evidence to support count two. The intentional and unjustified interference with the advantageous business relationship existing between others which results in injury constitutes a tort under the laws of Florida. Franklin v. Brown, Fla.App. 1964, 159 So.2d 893. If one maliciously interferes with a contract between two persons, and induces one of them to breach the contract to the injury of the other, the injured party may maintain an action against the wrongdoer, and where the act was intentional, malice will be inferred. To do intentionally that which is calculated in the ordinary course of events to damage, and which in fact does damage, another person in his property or trade, is malicious in the law, and is actionable if done without just cause or excuse. Dade Enterprises, Inc. v. Wometco Theatres, Inc., 1935, 119 Fla. 70, 160 So. 209.
The elements of the tort, then, are: (1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff as a result of the breach of the business relationship. Cf., John B. Reid & Associates, Inc. v. Jimenez, Fla.App. 1965, 181 So.2d 575; Mead Corporation v. Mason, Fla. App. 1966, 191 So.2d 592.
Again in the case sub judice we have been unable to find any evidence or reasonable inferences therefrom of an interference by defendants in the business relationship between plaintiff and Lease-Bak, Inc. Plaintiff had completed its performance under the contract by procuring the tenants prior to any negotiation between Lease-Bak and defendants. Although plaintiff's right to a commission did not accrue until leases had been signed or the property had been sold, the mere purchasing of the property and consummating the leases by defendants in no way interfered with the rights of plaintiff to collect any commissions that might be due under the brokerage contract.
Accordingly, there being no evidence or inferences arising therefrom on which to support the judgment, the judgment is reversed and the cause remanded with direction to enter a judgment for the appellants, Donald Symon and James C. Tully.
Reversed and remanded, with directions.
OWEN, J., and DRIVER, B.J., Associate Judge, concur.