GRIMES, Judge.
This is an appeal from a final judgment which rejected appellant’s claim for a real estate commission.
In the form of a written listing, appel-lees, Borgemeister, gave appellant the exclusive right for the period of a year to sell their Sebring motel for a price of $425,000. After eight months and a paucity of prospects, Mr. Borgemeister saw George Massey (the owner of appellant corporation) at his office in Ormond Beach and asked him to cancel the exclusive listing. Mr. Massey gave Mr. Borge-meister a letter releasing the Borgemeis- *578 ters from the listing, the last sentence of which read:
“I might mention that we would like to work on the property as an open listing.”
Coincidentally, the following day the ap-pellees, Buxbaum, called at appellant’s Clearwater branch office expressing an interest in buying a Florida motel. Not realizing that the exlusive listing had been cancelled, appellant’s employee told them of the Borgemeisters’ motel. The Buxbaums met the Borgemeisters later that day and advised that they had been referred by appellant’s office. The Borgemeisters responded by showing the Buxbaums the written release from the exclusive listing. There was no further contact between the appellant and the Borgemeisters, and two months later the Borgemeisters entered into a written contract to sell the motel to the Buxbaums for $400,000.
Appellant sued for a $24,000 broker’s commission asserting the existence of an implied listing agreement. Appellant also alleged a conspiracy between the Borge-meisters and the Buxbaums to deprive him of his commission. In support of the conspiracy theory, appellant offered evidence that when a second prospective purchaser sent by appellant to see the Borgemeisters arrived subsequent to the execution of the sales contract, the Borgemeisters concealed the fact that the motel had been sold by saying that they had decided to raise the price. The sales contract, itself, provided that if it were ultimately determined that appellant was entitled to a brokerage commission, this would be split between the Borgemeisters and the Buxbaums.
The trial judge personally heard the testimony and entered judgment for the ap-pellees. The final judgment included specific findings that there had never been an expressed or implied acceptance of appellant’s offer to work on an open listing and that there was no conspiracy to prevent the payment of a commission to appellant.
The fact that the Buxbaums were referred to the Borgemeisters by appellant would not, in itself, entitle appellant to a commission. Even though a property owner finds a purchaser through information furnished by a broker, the broker cannot recover for his services unless they were performed at the express or implied request of the owner. Estes v. Moylan, Fla. 1957, 94 So.2d 362; Martin v. Allen, Fla.App.3d 1967, 200 So.2d 243. Appellant does not contend that his exclusive listing carried over or that its termination was not effective. The contention is that upon the facts and circumstances of this case, an implied listing existed between appellant and the Borgemeisters.
Mr. Massey said that when Mr. Borgemeister obtained the written release of the exclusive listing, he did not affirmatively reject appellant’s offer to continue to try to sell the property on an open listing. However, Mr. Borgemeister testified that upon receiving the written release, he asked Mr. Massey if he could do with the motel whatever he pleased. He said Mr. Massey responded, “Yes you can do whatever you want to. You are absolutely free.”
In this instance, whether there existed an implied brokerage contract between appellant and the Borgemeisters was a question of fact. The conclusion of the trial judge is supported by competent substantial evidence. Insofar as the efforts of the Bor-gemeisters and the Buxbaums to avoid the commission are concerned, these actions were not such as would constitute a conspiracy if an implied listing never existed in the first place.
The judgment is affirmed.
HOBSON, A. C. J., and SCHWARTZ, ALAN R., Associate Judge, concur.