PER CURIAM.
Appellant appeals the trial court’s judgment allowing appellee to recover $2,505.60 from the Taylor estate as restitution for sums she allegedly expended on behalf of the decedent during his lifetime. Appellee cross-appeals the trial court’s denial of her count seeking compensation for services she allegedly performed for the decedent. We affirm in part and reverse in part. Appellant’s argument, contesting the sufficiency of the proof on the restitution count and the admissibility of certain checks introduced by appellee, is without support in the record or the cases cited. There is merit, however, in appellee’s contention that the court erred in failing to award her compensation for her numerous personal services to the decedent. There was substantial un-contradicted testimony that appellee served as chauffeur, cook, laundryperson, housekeeper, companion, and nurse to the decedent over a four-year period without compensation before his death. As the court stated in Symon v. J. Rolfe Davis, Inc., 245 So.2d 278, 279 (Fla. 4th DCA 1971):
“. . . where services are rendered by one person for another which are knowingly and voluntarily accepted, the law presumes that such services are given and received in expectation of being paid for, and will imply a promise to pay what they are reasonably worth.”
The denial of appellee’s Count II is reversed and the case remanded for a determination of the reasonable value of appellee’s services. AFFIRMED in part and REVERSED in part.
MILLS, Acting C. J., and ERVIN and MELVIN, JJ., concur.