PER CURIAM.
Appellant, Juanita Holland, appeals the denial of her motion to set aside a default and final judgment entered against her and the denial of her claim in the decedent’s estate. We affirm.
Appellant and Joseph Holland were married on August 22, 1959. Mr. Holland subsequently petitioned for dissolution of the marriage on August 20, 1980, alleging that the parties had cohabited as husband and wife until August 19, 1980 and that the marriage was irretrievably broken. The petition was duly served upon appellant, who testified in the court below that she did not file any responsive pleadings to her husband’s petition for dissolution of the marriage since he assured her several times that he would drop the proceedings. However, Mr. Holland pursued the divorce proceeding, and consequently, a default and final judgment were entered against appellant granting the divorce. The parties lived together as husband and wife throughout the entire time the divorce proceeding was pending before the trial court and thereafter until Mr. Holland died in 1983. Appellant testified that she never received a copy of the final judgment granting the divorce.
Approximately six to eight months before Mr. Holland died, appellant learned that she and Mr. Holland were divorced. However, appellant waited until two and one-half months after her husband’s death before filing a motion to set aside the default and final judgment entered against her. Appellant testified that her reason for not taking any immediate action to vacate the divorce decree was that Mr. Holland promised to remarry her.
Mr. Holland died intestate without the parties being remarried. Two and one-half months later, appellant filed a motion to set aside the default and final judgment pursuant to Rule 1.540, Florida Rules of Civil Procedure, alleging that Mr. Holland “must have” committed a fraud upon the court in obtaining the divorce.
The facts of this case are unfortunate, but the law requires clear and convincing evidence of the fraud, particularly where the party charged with fraud is deceased. Barnes v. Willis, 65 Fla. 363, 61 So. 828, 829 (1913); Grammer v. Grammer, 80 So.2d 457, 461 (Fla.1955); First National Bank of Clearwater v. Bourquin, 310 So.2d 310, 311 (Fla. 1st DCA 1975). The evidence adduced in the lower court does not amount to clear and convincing evidence that Mr. Holland obtained the divorce from appellant through fraud upon the court. Therefore, we must affirm the *159 decision of the lower court in denying appellant the requested relief.[1] AFFIRMED.
ERVIN, C.J., and BOOTH and WENT-WORTH, JJ., concur.

. Assuming the time for claims against Mr. Holland’s estate has not expired, our decision does not preclude the possibility of the appellant filing suit in quantum meruit for the value of her services in caring for and nursing her former husband during his final illness. Yeats v. Moody, 128 Fla. 658, 175 So. 719 (1937).